IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |
| v. | §<br>§ | |
| PHILLIP SERVICES CORPORATION,<br>n/k/a PHILLIP HOLDINGS, LLC.<br>　　　　Defendant. | §<br>§<br>§<br>§ | |

## **ORIGINAL COMPLAINT**

1. This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e *et seq.* ("Title VII) to remedy a breach of, and compel specific performance of, eight (8) Conciliation Agreements ("Agreements") between the Equal Employment Opportunity Commission ("EEOC" or "Commission") and Phillip Services Corporation, now known as ("n/k/a') Phillip Holdings, LLC ("Phillip) arising out of allegations raised in charges of discrimination filed by Vance Crosby, Bernon Stewart, Frankie Nelson, Albert Butler, Patrick Taylor, Darrin Raymond, Daniel Kimindih, and Cornelius McCardell (collectively called "Charging Parties").  The individual Agreements resolving these charges of discrimination provided specific relief to each of the Charging Parties as well as to a class of African-American employees of Phillip.  The Agreements collectively provided for monetary payment of $556,500 to the Charging Parties and the class in addition to specified non-monetary relief.  After terms of settlement were agreed upon for each of the Charging Parties and the class, Phillip repudiated the Agreements and has failed to comply with the terms of the Agreements. The EEOC seeks to enforce the terms of each of the Agreements and is requesting that the Court

order Phillip to comply with the terms of each of the Agreements as to both the monetary and non-monetary relief provided in each of them.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3).

3. Venue is proper in this court because the contractual Agreements and the subsequent breach of them, as described below, occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. The Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5. Defendant Phillip has continuously been and is now doing business in the State of Texas and the City of Deer Park and has continuously had more than 15 employees. Phillip may be served by serving its registered agent for service of process, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

6. At all relevant times, Phillip has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Vance Crosby, Bernon Stewart, Frankie Nelson, Albert Butler, Patrick Taylor, Darrin Raymond, Daniel Kimindih, and Cornelius McCardell each filed a charge of discrimination with the Commission alleging violation of Title VII by Phillip. An additional charge of discrimination filed by Keith Dickerson against Phillip is not part of this action. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. The Commission investigated each of the charges of discrimination described above and, finding violations of Title VII, issued letters of determination as to each of the charges and also determined there had been a violation of Title VII by Phillip against a class of African-American employees at its Deer Park, Texas facility. Thereafter, the Commission engaged in voluntary conciliation to resolve the charges. As a part of that effort, on or about February 23, 2009; a conciliation conference was held with two attorneys representing Phillip; two high ranking managers of Phillip appearing on its behalf; Darren Miller, an attorney representing all of the Charging Parties except Vance Crosby; an EEOC investigator representing the Commission; and an attorney representing the Commission.

9. Before the adjournment of the conciliation conference, non-monetary terms of settlement were agreed to and were to be included in the Agreements. Those terms included annual Title VII training over a three year period, revision of supervisory evaluations to include a performance standard regarding the handling of EEO issues and adding, as criterion for promotion, commitment to equal employment opportunity and creating a requirement of ineligibility for promotion for employees disciplined for discrimination related violations, as well as posting a notice to employees and a three year term for the Agreement.

10. An agreement was also reached during the conciliation conference as to the monetary amount to be paid as compensation to the class of African-American employees alleged to have been subjected to racial harassment at Phillip's Deer Park, Texas facility. It was agreed by the Commission and Phillip that the settlement fund for non-Charging Party class members would be $50,000, that the Commission would unilaterally determine which individuals would be members of the class, and how much each class member would receive. Further, it was agreed that there would be no reversion of any portion of the class settlement fund to Phillip under any circumstance.

11. During the conciliation conference, an agreement was also reached as to the amount of money to be paid to the individuals represented by Mr. Miller, with a recitation of the sums to be paid to each orally confirmed prior to the adjournment of the conference. It was understood that following adjournment of the conference, attorney Miller would confirm acceptance of each of these sums with his clients. He would then advise the Commission and counsel for Phillip of each client's acceptance.

12. Both before and during the conciliation conference, the attorney representing Phillip confirmed that Phillip would be willing to proceed with settlement of the Charging Parties' charges if a majority, rather than all, of the Charging Parties were willing to settle their individual charges of discrimination.

13. The following day, the Commission and Phillip agreed that Phillip would pay Vance Crosby $75,000 to resolve his charge of discrimination.

14. Following the adjournment of the conciliation conference, counsel for Phillip and Charging Parties continued to communicate and ultimately all of the individuals represented by attorney Miller, with the exception of Keith Dickerson, agreed to the specific

settlement amounts to be paid to each of them by Phillip. The monetary sum to be paid as a part of each of their Agreement was as follows: Bernon Stewart - $75,000; Frankie Nelson - $41,500; Albert Butler - $55,000; Patrick Taylor - $70,000; Darrin Raymond - $50,000; Daniel Kimindih - $95,000 and Cornelius McCardell - $45,000. The private parties had already agreed to the monetary settlements for a few of these charging parties even before the adjournment of the conciliation conference.

15. Reiterating its representation at the conciliation conference, the Commission accepted the distribution of the monetary portion of the settlement and commenced preparation of the individualized written conciliation Agreements memorializing the oral agreements reached resolving the individual and class claims both as to the monetary and non-monetary terms. Thereafter, in March 2009, the Commission was advised that Phillip was withdrawing its agreement to settle the individual and class claims on the terms it had agreed to as outlined above.

16. As of the date of the filing of this action, Phillip has not paid any of the monetary relief to the Charging Parties or to class as it orally agreed to do. Nor, to the Commission's knowledge and belief, has Phillip performed any of the non-monetary terms provided for in the parties' oral agreement.

17. As outlined above, the Commission and Phillip have enforceable oral conciliation agreements as to each of the Charging Parties and the class of African-American employees of Phillip. Phillip's repudiation of the Agreements is a breach for which the Commission seeks specific performance and enforcement of all of the terms of the Agreements.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

18. Enter judgment ordering Phillip to perform all of the duties and obligations previously agreed to under the Agreements;

19. Order, as a part of the judgment, that Phillip make Charging Parties and the class whole by ordering Defendant to pay each of the charging parties and the class as follows: Vance Crosby - $75,000; Bernon Stewart - $75,000; Frankie Nelson - $41,500; Albert Butler - $55,000; Patrick Taylor - $70,000; Darrin Raymond - $50,000; Daniel Kimindih - $95,000; Cornelius McCardell - $45,000 and $50,000 to a class of African-American employees alleged to have been subjected to racial harassment at Phillip's Deer Park, Texas facility;

20. Order, as a part of the judgment, that Phillip provide annual Title VII training over a three year period, revise its supervisory evaluations to include a performance standard regarding the handling of EEO issues and add, as criterion for promotion, commitment to equal employment opportunity, creating a requirement of ineligibility for promotion for employees disciplined for discrimination related violations, and that Phillip post the notice to employees as described in the Agreements.

21. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

22. Award the Commission its costs in this action; and

23. Grant such other and further relief as the Court deems necessary and proper.

      Respectfully submitted,

      **EQUAL EMPLOYMENT**
      **OPPORTUNITY COMMISSION**

      JAMES LEE
      Deputy General Counsel

        GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

By: *Rudy L. Sustaita /s/*
      Rudy Sustaita
      Attorney-in-Charge
      TBN: 19523560
      SDN: 11850
      Equal Employment Opportunity Commission, Houston District Office
      1919 Smith Street, 7th Floor
      Houston, Texas 77002
      (713) 209-3400
      Fax: (713) 209-3402
      Email: rudy.sustaita@eeoc.gov

ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402