IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-1625 |
| PHILIP SERVICES CORPORATION n/k/a PHILIP HOLDINGS, LLC, | § § § | |
| Defendant, | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket Entry No. 6) and Defendant's Motion for Sanctions (Docket Entry No. 31).  The court has considered the motions, the responses and replies, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**, but that its alternative motion for summary judgment be **DENIED AS MOOT**.  Defendant's motion for sanctions is **DENIED**.

## I.  Case Background

This case was filed by the Equal Employment Opportunity Commission ("EEOC") on behalf of eight African-American individuals

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 14.

and a class of African-American employees to enforce conciliation agreements allegedly reached between the EEOC and Defendant.

## A.   <u>Factual Background</u>

The EEOC became involved in a series of complaints against Defendant when Vance Crosby ("Crosby"), Bernon Steward ("Steward"), Frankie Nelson ("Nelson"), Albert Butler ("Butler"), Patrick Taylor ("Taylor"), Darrin Raymond ("Raymond"), Daniel Kimindih ("Kimindih"), and Cornelius McCardell ("McCardell"), and Keith Dickerson ("Dickerson")[2] filed charges of discrimination.[3]  Upon investigation, the EEOC found in favor of the charging parties and issued letters of determination as to each of them and found that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII")[4] in its treatment of a class of African-American employees at its Deer Park, Texas, facility.[5]

Voluntary conciliation followed; in particular, the parties held a conciliation conference on February 23, 2009.[6]  Present were two attorneys representing Defendant, two of Defendant's managers, an attorney representing all of the charging parties except Crosby,

---

[2]     The EEOC explicitly excluded any claim related to Dickerson's charge of discrimination.  <u>See</u> First Amended Complaint, Docket Entry No. 3, p. 3 (unnumbered).

[3]     <u>See</u> <u>id.</u> at pp. 2-3 (unnumbered).

[4]     42 U.S.C. §§ 2000e-2000e-17.

[5]     <u>Id.</u> at p. 3 (unnumbered).

[6]     <u>Id.</u>

an EEOC investigator, and an attorney representing the EEOC.[7]   At the conciliation conference and in continuing discussions thereafter, the parties contemplated monetary and nonmonetary terms for an agreement.[8]   The complaint details those terms.[9]

Subsequently, the EEOC "commenced preparation of the individualized written conciliation [a]greements memorializing the oral agreements reached resolving the individual and class claims both as to the monetary and nonmonetary terms."[10]   In March 2009, before the written agreement was completed and signed by all parties, Defendant announced the withdrawal of its agreement to settle the individual and class claims.[11]   According to the complaint, Defendant, as of June 2009, had not performed any of the terms to which it had orally agreed.[12]

**B.   <u>Procedural Background</u>**

While the EEOC's investigation was ongoing, Dickerson and others[13] filed suit in state court asserting discrimination based

---

[7]      <u>Id.</u>

[8]      <u>See</u> <u>id.</u> at pp. 3-5 (unnumbered).

[9]      <u>See</u> <u>id.</u>   The actual terms are not relevant to resolution of the pending motions.

[10]      <u>Id.</u> at p. 5 (unnumbered).

[11]      <u>Id.</u>

[12]      <u>Id.</u>

[13]      The record is not clear whether the state lawsuit, which Dickerson brought in conjunction with others of Defendant's employees, involves any or all of the other individuals who were parties to the conciliation.   An obvious assumption is that it does include all or some of the same individuals because

3

on their EEOC charges.[14]   After conciliation efforts failed, Defendant filed for summary judgment in the state case, and the EEOC filed this breach-of-contract case on May 28, 2009.[15]   The state court stayed the Dickerson lawsuit pending the outcome of this case.[16]

On June 29, 2009, before serving Defendant, the EEOC amended its complaint.[17]   In lieu of an answer, Defendant filed the pending motion to dismiss or for summary judgment.[18]   Since the filing of that motion and associated briefing, the case was referred to the undersigned.[19]   Upon Defendant's filing a motion for protective order, the court stayed discovery until resolution of the pending motion to dismiss.[20]   In November 2009, Defendant filed a motion for sanctions.[21]

The court now considers both the dispositive and the

---

the parties have indicated that the state lawsuit is related to this one, but whether that is the case is not important for the purposes here.  <u>See</u> Joint Discovery/Case Management Plan, Docket Entry No. 18, pp. 1-2.

[14]   <u>Id.</u> at pp. 1-2.

[15]   <u>Id.</u> at p. 2; First Amended Complaint, Docket Entry 3.

[16]   Joint Discovery/Case Management Plan, Docket Entry No. 18, p. 2.

[17]   <u>See</u> First Amended Complaint, Docket Entry 3.

[18]   <u>See</u> Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket Entry No. 6.

[19]   <u>See</u> Order Referring Case, Docket Entry No. 14.

[20]   <u>See</u> Defendant's Motion for Protective Order, Docket Entry No. 15, Minute Entry Order, Docket Entry No. 24; Order Overruling Objections to Magistrate Judge's Order, Docket Entry No. 32.

[21]   <u>See</u> Defendant's Motion for Sanctions, Docket Entry No. 31.

nondispositive pending motions.

## II.  Dispositive Motion

Defendant filed the pending dispositive motion alternatively as a motion to dismiss or for summary judgment.  The court begins with the first alternative.

### A.  <u>Motion to Dismiss</u>

Defendant argues that the EEOC's claims of breach of oral conciliation agreements with Crosby, Stewart, Nelson, Butler, Taylor, Raymond, Kimindih, and McCardell[22] should be dismissed because:  1) the EEOC violated a Title VII prohibition against disclosing what the parties said and did during the conciliation proceeding without Defendant's consent; 2) the EEOC cannot establish the existence of an oral agreement without making public what the parties said and did during the conciliation proceeding; and 3) the EEOC compliance manual precludes oral conciliation agreements.

The EEOC responds that the court has jurisdiction to enforce Title VII conciliation agreements,[23] that the EEOC may disclose information from conciliation efforts whenever it brings an enforcement action, that the EEOC compliance manual only provides

---

[22]    The EEOC has indicated that it would amend to remove McCardell from the complaint, but has not done so.  <u>See</u> EEOC's Response, Docket Entry No. 8, p. 3 n.2; EEOC's Response to Defendant's Motion for Sanctions, Docket Entry No. 33, p. 3 n.1.

[23]    Defendant agrees that the court has jurisdiction over this action. <u>See</u> Defendant's Reply, Docket Entry No. 10, p. 3; Joint Discovery/Case Management Plan, Docket Entry No. 18, p. 2.

guidelines, and that nothing in Title VII itself requires written agreements.

**1.   Dismissal Standard**

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also In re Katrina Canal Breaches Litig., 495 F.3d at 205.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp., 550 U.S. at 555.

**2.   Analysis**

Title VII empowers the EEOC to prevent employers from engaging in discriminatory practices and outlines the procedures by which it is to do so.  42 U.S.C. § 2000e-5.  Upon the EEOC's finding of reasonable cause to believe that an employee's charge is true, the statute calls for informal endeavors to eliminate the alleged

unlawful employment practice, including conference, conciliation, and persuasion.  42 U.S.C. § 2000e-5(b).

To encourage employers to resolve employment discrimination claims without engaging in litigation, Congress imposed an explicit confidentiality provision:  "Nothing said or done during and as a part of such informal endeavors may be made public by the [EEOC], its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b); Branch v. Phillips Petroleum Co., 638 F.2d 873, 880 (5th Cir. 1981)(quoting the statute and stating, "The obvious purpose of the statute's prohibition on revealing statements made or actions taken during the [EEOC's] conciliation efforts is to promote the congressional policy favoring unlitigated resolution of employment discrimination claims."); Olitsky v. Spencer Gifts, Inc., 842 F.2d 123, 126, 127 (5th Cir. 1988)(same). Notably, the prohibition against public disclosure specifically applies only to the EEOC, its officers, and its employees.  See 42 U.S.C. § 2000e-5(b).  As a consequence for making such information public, Title VII imposes a fine of not more than $1,000 or a prison sentence of not more than one year, or both.  42 U.S.C. § 2000e-5(b).

The Fifth Circuit Court of Appeals ("Fifth Circuit") rarely has had the opportunity to expound upon the meaning of the confidentiality provision.  When the court has discussed the

provision, though, the Fifth Circuit has had little trouble interpreting it. See Olitsky, 842 F.2d at 126-27; Branch, 638 F.2d at 880-81. In 1981, the court faced a situation in which an employer sought from the EEOC "any and all records related to any charge of discrimination filed by" one of its employees. Branch, 638 F.2d at 876. The EEOC resisted the employer's subpoena because it covered privileged material. See id. The district court entered an order compelling compliance; the EEOC appealed. Id.

One category of material the EEOC sought to protect was "non-factual material associated with the [EEOC's] conciliation efforts." Id. at 879. The Fifth Circuit ruled in favor of the EEOC, stating:

> [T]he prospect of disclosure or possible admission into evidence of proposals made during conciliation efforts would tend to inhibit the kind of free and open communication necessary to achieve unlitigated compliance with the requirements of Title VII. Therefore, disclosure of conciliation materials, even to the parties, would discourage negotiated settlements and frustrate the intention of Congress.

Id. at 881. The court distinguished between "proposals and counter-proposals of compromise made by the parties" during the conciliation process, which were privileged, and "purely factual material related to the merits of [a] charge," which were not protected. Id.

A few years later, the court again revisited the issue. See Olitsky, 842 F.2d at 123. An employer appeared before the court, arguing that the district judge had erred in admitting the EEOC's

8

file because it included statements made in the course of conciliation endeavors. See id. at 125-26. The Fifth Circuit agreed, focusing on the prohibition against use of the material in "subsequent proceedings," rather than the prohibition against making disclosures to the public. See id. at 126. In no uncertain terms, the court reaffirmed the Branch holding when it stated that Title VII "clearly prohibits any use of EEOC conciliation material in subsequent litigation, even by the parties to the agency proceeding." Id.

Despite the clarity of the confidentiality provision and the caselaw applying it, the EEOC insists that it is entitled to disclose information regarding the conciliation efforts when it brings an enforcement action. In support of this assertion, the EEOC relies on EEOC v. Safeway Stores, Inc., 714 F.2d 567 (5th Cir. 1983). The cited case was an action brought by the EEOC to enforce specific performance of three written, signed conciliation agreements between the EEOC and an employer. See id. at 569.

The court was not concerned with what was "said or done" during conciliation. In fact, the court did not mention the confidentiality provision at all. Rather, the Fifth Circuit focused on whether federal courts could enforce conciliation agreements absent a decision on the underlying discrimination charges. See id. at 574, 580. The answer to that query involved two findings: first, that the federal courts have jurisdiction

over the enforcement of conciliation agreements; and, second, that the EEOC has the authority to bring enforcement suits.  <u>See</u> <u>id.</u> at 571-75.  The court held, "So long as regular contract rules are satisfied and so long as enforcement of the agreement does not conflict with the parties' individual rights or the purposes of Title VII, the contract is specifically enforceable." <u>Id.</u> at 574.

The court's holding points to one of two significant differences between that case and the one presently pending.  The Fifth Circuit specifically noted that not only was it necessary that the agreement satisfy contract rules but that the enforcement "not conflict with the parties' individual rights or *the purposes of Title VII*." <u>Id.</u> (emphasis added).  Neither conflict was present in that case.  However, here, filing a lawsuit to enforce an oral conciliation agreement directly violates both halves of the Title VII confidentiality provision:  it makes public what was said and done in the conciliation process and it uses that information in a subsequent proceeding.  As previously discussed, Congress intended to encourage informal resolution of discrimination claims and enacted the confidentiality provision to that end.  <u>See</u> <u>Olitsky</u>, 842 F.2d at 127; <u>Branch</u>, 638 F.2d at 880.  Confidentiality is so important to the purposes of Title VII that Congress imposed serious personal consequences, a fine of up to $1,000 and/or imprisonment for up to one year, on any EEOC employee who made public what was "said or done" during conciliation.  <u>See</u> 42 U.S.C.

§ 2000e-5(b).

Without making public or using what was "said or done" during the conciliation conference, the EEOC cannot prove, in this proceeding, the existence of the alleged oral contract.  Again, this scenario differs from the <u>Safeway Store, Inc.</u> case, which involved several written and signed conciliation agreements.  The terms of each written agreement were provable by reference to the document itself without revelation of "proposals and counter-proposals of compromise made by the parties" during conciliation efforts.  <u>Cf.</u> <u>Branch</u>, 638 F.2d at 881 (stating that the parties' negotiations could not be disclosed by the EEOC).  When memorialized, a conciliation agreement reflects the employer's commitment to be bound by certain terms, and confidentiality of the process remains intact.[24]  The EEOC's argument that "the principle is still the same"[25] whether an oral or a written agreement has been reached in conciliation is simply untenable in light of the statute's adamant prohibition against the EEOC's disclosure of what

---

[24]    A sister court explained that a written agreement is separate from the conciliation process:

> The Conciliation Agreement is not something said or done during the conciliation process.  Rather, it is the goal towards which all other conciliatory efforts were aimed, the end to which things were said or done.  While it may be the culmination of a successful conciliation process, it is not itself part of that process.

<u>Cooper v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.</u>, No. Civ.A. 01-1560, Civ.A. 02-3054, 2004 WL 1208517, at *1 (E.D. La. 2004)(unpublished)(allowing the introduction of a written conciliation agreement in a trial where the plaintiff brought claims of retaliation and breach of the conciliation agreement).

[25]    Transcript of hearing on Oct. 15, 2009, Docket Entry No. 27, p. 4.

was "said or done" in the process or the use of that information in a subsequent proceeding.[26]

As the court finds the above reasoning sufficient to warrant dismissal of the EEOC's claims, the court need not rule on Defendant's other argument that the applicable regulations and compliance manual preclude oral conciliation agreements. Nevertheless, the court does note that the EEOC regulations acknowledge the importance of the confidentiality of the conciliation process by requiring that all conciliation agreements be in writing.   29 C.F.R. § 1601.24 ("Where such conciliation attempts are successful, the terms of the conciliation agreement shall be reduced to writing and shall be signed by the [EEOC's] designated representative and the parties.").   Additionally, the EEOC Compliance Manual contemplates that conciliation agreements be written and signed by all parties.   See, e.g., EEOC Compliance Manual §§ 64.2, 64.6, 64.7, 64.8, 65.2, 65.3.

The EEOC argues that the guidelines are not mandatory.   The point here is not that the EEOC is under a legal mandate, but that the agency recognizes the importance of reducing conciliation agreements to writing, at least in part, in order to be in

---

[26]   The EEOC urges the court to extend Safeway Stores, Inc. to oral conciliation agreements based on legal authority generally recognizing the enforceability of oral contracts.   However, the court does not rely on general federal common law when a statute specifically addresses the agency involved and the issue.   In the absence of any binding legal authority specifically waiving the confidentiality requirement when the EEOC is enforcing oral conciliation agreements, the court does not have the power to allow such a blatant disregard of federal statutory law.

compliance with Title VII confidentiality requirements.

The court finds the statutory prohibition against information disclosure to be an insurmountable impediment to proving the existence of an oral conciliation agreement. Therefore, the EEOC's breach-of-contract claims seeking enforcement of the oral conciliation agreements should be dismissed.

**B.   Motion for Summary Judgment**

Alternatively, Defendant argues that the evidence demonstrates that the parties never reached a conciliation agreement. The EEOC submitted the declaration of the EEOC attorney who attended the conciliation conference as proof that the parties entered an enforceable oral agreement. Because Defendant filed the motion for summary judgment before discovery commenced, the EEOC seeks a Federal Rule of Civil Procedure ("Rule") 56(f) continuance to allow it to obtain depositions and production of relevant documentation.

As the court is able to resolve the entire case based solely on the complaint and applicable law without the consideration of outside evidence, the court need not address the summary judgment issues. The motion should be denied as moot as is the EEOC's request for a Rule 56(f) continuance.

### III.   Motion for Sanctions

Defendant moves for sanctions pursuant to Rule 11 because the EEOC's breach-of-contract claims "lack evidentiary support and are

untenable as a matter of law."[27]  Defendant contends that "the very existence of this case violates Title VII's confidentiality provision."[28]  The EEOC counters that it conducted an objectively reasonable inquiry and that its position is based on existing law or, at the very least, on a reasonable argument for the extension of the law.

Rule 11 requires that an attorney certify that every pleading, written motion, or other submission to the court:  1) is not presented for any improper purpose; 2) contains legal contentions that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" 3) contains factual contentions supported by evidence or likely to be so supported after a reasonable opportunity for discovery; and 4) contains denials that are warranted by the evidence or based on belief or lack of information.  The imposition of sanctions under Rule 11 is left to the district court's discretion.  See Marlin v. Moody Nat'l Bank, N.A., 533 F.3d 374, 377 (5th Cir. 2008)(stating that the abuse-of-discretion standard applies to the imposition of Rule 11 sanctions); In re Dragoo, 186 F.3d 614, 616 (5th Cir. 1999)(quoting Am. Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 533 (5th Cir. 1992), as stating that "the district court has broad

---

[27]    Defendant's Motion for Rule 11 Sanctions, Docket Entry No. 31, p. 1.

[28]    Id. at p. 5.

14

discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11").

Defendant's motion was excessively briefed by both parties and served as an opportunity to capture the court's attention for one more round of repetitive arguments related to Defendant's dispositive motion. Looking past the unnecessary consumption of its time, the court understands Defendant's frustration with the EEOC's refusal to accept the effect of Title VII's confidentiality provision on this suit. Nevertheless, the EEOC presents an unconvincing, yet nonfrivolous argument in support of its position.

Safeway Stores, Inc. clarifies the court's authority to review a conciliation agreement and the EEOC's right to bring one. It does not address the statutory prohibition against disclosing information from the pre-agreement process. When combined with the general contract principle that oral agreements are enforceable, that case arguably provides a launching pad for the EEOC's argument. Granted, the EEOC practically ignores the statutory confidentiality provision in order to make the leap to its position in this case. Even so, the court finds it a sufficient basis for testing the law in this area. Rule 11 sanctions are not warranted in this case.

To the extent that Defendant seeks sanctions for the EEOC's use of information regarding what transpired during conciliation, the statute provides consequences for violations that are best left

15

to the discretion of the U.S. Attorney for the Southern District of Texas.

Defendant's motion for sanctions should be denied.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and its alternative motion for summary judgment be **DENIED AS MOOT**.  Accordingly, EEOC's request for a Rule 56(f) continuance is **DENIED**.  Additionally, Defendant's motion for sanctions is **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of January, 2010.

Nancy K. Johnson
United States Magistrate Judge

16