# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-09-1625 |
| PHILIP SERVICES CORPORATION | § § § | |
| *Defendant*. | § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### MEMORANDUM AND RECOMMENDATION

Having reviewed the Magistrate Judge's Memorandum and Recommendation dated January 6, 2010 (Dkt. 35), the court is of the opinion that the Memorandum and Recommendation be adopted by this court. The court agrees with the Magistrate Judge that 42 U.S.C. § 2000e-5(b) unequivocally forbids the EEOC from using information from the conciliation negotiations for any purpose in subsequent proceedings. The plain language of the statute makes it clear that there are no exceptions. "*Nothing* said or done during and as part of such endeavors may be made public by the [EEOC] or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b)(emphasis added). Congress did not say nothing about the merits shall be made public or used as evidence. It said *nothing* shall be made public or used as evidence. The court sees no ambiguity in the statute that could give rise to the exception the EEOC now seeks to create. Notably, this language appears verbatim in a rule promulgated by the agency itself. 29 C.F.R. § 1601.26(a). Therefore, the EEOC's argument that the information may be made public to establish the existence of the agreement is unavailing in this context.

Moreover, even if the court disagreed with the Magistrate Judge—which it does not—conciliation agreements must be in writing. Again, in a rule promulgated by the EEOC itself, the agency is directed that where "conciliation attempts are successful, the terms of the conciliation agreement *shall* be reduced to writing and shall be signed by the Commission's designated representative and the parties." 29 C.F.R. § 1601.24(a) (emphasis added). The EEOC argues that the rule does not preclude the existence of an oral agreement before the terms are committed to writing. However, such a reading would render the rule merely hortatory. The court declines to read the rule, promulgated through the extensive notice and comment rulemaking process, as merely a suggestion. Therefore, it is ORDERED that the Memorandum and Recommendation (Dkt. 35) is hereby ADOPTED by the court. Defendant's motion to dismiss (Dkt. 6) is GRANTED, but its alternative motion for summary judgment is DENIED AS MOOT. Defendant's motion for sanctions (Dkt. 31) is DENIED. Accordingly, this case is DISMISSED with prejudice.

It is so ORDERED.

Signed at Houston, Texas on February 25, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY